IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN CATES,                                    )
     Plaintiff,                               )
                                              )
                                              )
vs.                                             )          Case No. 08-1040-JTM
                                              )
                                              )
MICHAEL J. ASTRUE,                              )
COMMISSIONER OF                                 )
SOCIAL SECURITY ADMINISTRATION,                 )
     Defendant.                               )
                                              )

MEMORANDUM AND ORDER

Presently before this court is plaintiff Kevin Cates's petition for review of a final decision of the Commissioner of Social Security. (Dkt. No. 8). Cates's application for Social Security disability benefits was denied on May 5, 2007, upon the determination by the Administrative Law Judge (ALJ) that Cates was not disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. For the following reasons, this court denies the appeal and affirms the decision of the ALJ.

On September 14, 2006, Cates protectively filed an application for disability insurance benefits and supplemental security income benefits, alleging that he had a disability that began on September 13, 2005. Cates amended the alleged onset date to April 1, 2002 at the administrative hearing. (Tr. at 390). The claims were denied initially on December 8, 2005, and upon reconsideration on May 10, 2006. Cates filed a timely written request for hearing, at which his claims were again denied on May 5, 2007. The Appeals Council denied Cates's request for review

of the unfavorable decision on December 5, 2007, rendering the ALJ decision the final decision of the Commissioner. Cates then timely files a complaint with this court. (Dkt. No. 1).

Cates claims that the record shows that he suffers from impairments of such severity and duration as to constitute a disability within the meaning of the Social Security Act, which would entitle him to Social Security disability benefits. Specifically, he contends that the ALJ applied incorrect legal standards when formulating his RFC and that the ALJ's RFC findings are not supported by substantial evidence in the record.

Cates, who was born in 1961, claims that he is disabled due to physical and mental impairments. Specifically, Cates alleges disability based on shortness of breath due to chronic obstructive pulmonary disease, congestive heart failure and vision impairments. (Tr. at 366). Cates also alleges disability based on mental impairments including depression and anxiety. (Tr. at 366). Cates completed the tenth grade and earned a GED. (Tr. at 367) Cates has worked a truck driver for approximately twenty years and most recently worked painting machine parts with an air gun. (Tr. at 137, 143 and 368).

The ALJ concluded that Cates had engaged in substantial gainful activity since April 2, 2002, the alleged onset date and that he suffered from the following severe combination of impairments: coronary artery disease; congestive heart failure; chronic obstructive pulmonary disease, hypertension, left eye vision impairment; cognitive disorder, depressive disorder; dysthymia; and anxiety disorder. (Dkt. No. 3-2 at 22-23). Nonetheless, the ALJ found that Cates did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Dkt. No. 3-2 at 23). Specifically, the ALJ found that, after careful consideration of the entire record:

> [Cates] has the residual functional capacity (RFC) to perform a restricted range of light exertional level work.  The claimant can lift 20 pounds occasionally; lift 10 pounds frequently and stand and/or walk for 6 hours in an 8 hour workday.  He can sit for 6 hours out of an 8 hour workday and can have no exposure to irritants such as smoke, gases, fumes, or hazards such as unprotected heights, being around dangerous moving machinery; or operation of motorized vehicles.  The claimant can do no work requiring significant depth perception, but he has adequate visual acuity in the right eye.  The claimant is limited to simple, routine, repetitive tasks consistent with unskilled work.

The ALJ found that although Cates could not perform past relevant work, he could perform other work that exists in significant numbers in the economy, including the jobs of unskilled light counter attendant, light unskilled cafeteria attendant, unskilled sedentary call out operator and unskilled sedentary administrative support worker.  (Dkt. No. 3-2 at 26-27).

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir.2001). Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion. *Castellano v. Sec'y of Health and Human Servs.,* 26 F.3d 1027, 1028 (10th Cir.1994); *Gossett v. Bowen,* 862 F.2d 804 (10th Cir.1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White,* 287 F .3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.,* 933 F.2d 799, 800 (10th Cir.1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and

3

is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue,* 501 F.Supp.2d 1303, 1306-07 (D.Kan.2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton,* 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart,* 357 F.3d 1140, 1142 (10th Cir.2004); 20 C.F .R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen,* 844 F.2d 748, 751 (10th Cir.1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy. *Williams,* 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents

4

performance of past relevant work. *Dikeman v. Halter,* 245 F.3d 1182, 1184 (10th Cir .2001). The

burden then shifts to the Commissioner at step five to show other jobs in the national economy that

are within the claimant's capacity to perform. *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th

Cir.1999).

In this case, Cates argues that the ALJ found Cates's statements concerning the intensity,

persistence and limiting effects of his symptoms were not entirely credible.  (Dkt. No. 9 at 6).

Further, Cates claims that the ALJ failed to properly consider the extent of Cates's mental

impairments in his RFC assessment.  (Dkt. No. 9 at 11).  Cates maintains that the ALJ invoked the

improper credibility analysis by discounting his testimony due to his view of the severity of the

objective medical evidence and his activities of daily living.

At step five, the ALJ concluded that Cates could perform a significant number of light,

unskilled occupations that exist in the national economy.  Cates contends that the ALJ erred in not

fully crediting his symptoms.  Because the ALJ is "optimally positioned to observe and assess

witness credibility," the court may only overturn an ALJ credibility determination when there is a

conspicuous absence of credible evidence to support it. *Adams. v. Chater*, 93 F.3d 712, 715 (10th

Cir. 1996).  Further, "[a] claimant's subjective allegation of pain is not sufficient in itself to establish

disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993).  Rather, "[b]efore the ALJ

need even consider any subjective evidence of pain, the claimant must first prove by objective

medical evidence the existence of a pain-producing impairment that could reasonably be expected

to produce the alleged disabling pain." *Id.* (citations omitted).

Based on that standard, this court does not find error in the ALJ's findings.  The ALJ

followed the proper analysis in consideration of Cates's complaints, and explicitly noted that the

consultative medical examinations supported the finding that Cates could perform unskilled, light work.  (Dkt. No. 3-2 at 24).  The ALJ cited legitimate and sufficient rationales for discounting Cates's claims.  There is no medical evidence that supports Cates's statement that he is unable to stand and/or walk up to 6 hours.  There was a lack of medical evidence that Cates suffers any exertional limitations in the absence of pulmonary irritants.  The medical evidence regarding Cates's visual limitations was inconsistent with Cates's complaints of worsening vision.  The medical evidence supports the ALJ finding that Cates's visual impairment does not preclude all work activity.  Cates's treating sources consistently indicated that his mental impairments would impose only mild to moderate limitation.  In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 11th day of February, 2009, that the present appeal is hereby denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE

6